IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRIAN P. CARR, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 3:23-cv-02875-S-BT |
| | § | |
| UNITED STATES OF AMERICA, et al., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

In response to *pro se* Plaintiff Brian P. Carr's Amended Complaint, Defendants filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 31). As explained below, the Court should dismiss without prejudice all claims Plaintiff, a non-attorney, attempts to bring on behalf Rueangrong Carr and Buakhao Von Kramer. With respect to the claims Plaintiff attempts to bring on his own behalf, he fails to identify an applicable waiver of the federal government's sovereign immunity, and, therefore, the District Judge should grant Defendants' Motion and dismiss Plaintiff's claims for lack of subject matter jurisdiction.

**Preliminary Matters**

The Amended Complaint states that "to the degree that it is legally permissible, Mr. Carr will represent" Rueangrong Carr (Rueangrong) and Buakhao Von Kramer (Buakhao) in this matter. Am. Compl. ¶¶ 12, 13 (ECF No. 29). Under

1

28 U.S.C. § 1654, parties may "plead and conduct their cases personally or by counsel." 18 U.S.C. § 1654. Individuals who do not have a law license may not represent other parties in federal court. *See Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) ("[I]ndividuals not licensed to practice law by the state may not use the 'next friend' device as an artifice for the unauthorized practice of law"); *Gonzales v. Wyatt*, 157 F.3d 1016, 1021–22 (5th Cir. 1998) ("[Section] 1654 . . . only allows for two types of representation: that by an attorney admitted to the practice of law . . . and that by a person representing himself."); *Guajardo v. Luna*, 432 F.2d 1324, 1324 (5th Cir. 1970) (holding that only licensed attorneys may represent others in federal court).

Plaintiff Brian Carr (Brian) is a U.S. citizen and a resident of Dallas County, Texas. Am. Compl. ¶ 11. But he is not a licensed attorney. Therefore, Brian is not authorized to represent any other party in this action, including his wife, Rueangrong, or Rueangrong's sister, Buakhao Von Kramer.[1] *Monroe v. Smith*, 2011 WL 2670094, at *2 (S.D. Tex. July 6, 2011) ("Because Plaintiff is not an attorney, he cannot represent his wife's interests in this action").

Federal Rule of Civil Procedure 11 requires that every pleading, motion and other paper must be signed by an attorney or by a party personally if the person is unrepresented. Fed. R. Civ. P. 11(a). Rueangrong and Buakhao did not personally

---

[1] Brian married Rueangrong, a U.S. permanent resident and citizen of Thailand, in 2018, in Thailand. Am. Compl. ¶¶ 11, 60. Buakhao, a citizen and resident of Thailand, is allegedly "the widow of a deceased American veteran." *Id.* ¶¶ 5, 11.

sign the Amended Complaint, which is the live pleading in this matter. Rather, they purportedly gave Brian permission to sign the Amended Complaint "electronically on their behalf" after he "provided them with the relevant sections of the document in English and translated into Thai (relying on Google Translate)," Am. Compl. at 58, as they do not understand English. *Id.* ¶ 161. Brian prepared the Amended Complaint based on his "careful review of electronic records which [he has] retained and maintained and which [he] believe[s] to be accurate." *Id.* at 58. And Brian "assured" Buakhao that certain allegations in the Amended Complaint—about which Buakhao expressed "concerns about accuracy"—were "established from the electronic records . . . which [Brian] had retained." *Id.* Brian also explained that Buakhao's signature on the Amended Complaint "does not indicate she remembers the interviews being on that date at that time but rather that she has no knowledge or recollection to the contrary." *Id.* But Brian, who is not an attorney, is not authorized to give legal advice or sign pleadings on behalf of others.

    Accordingly, the Court should dismiss without prejudice all claims Brian brings on behalf of Rueangrong and Buakhao.[2]

---

[2] Rueangrong and Buakhao allege that United States Citizenship and Immigration Services (USCIS) violated their due process rights by initially denying their visa applications before approving them. Am. Compl. Counts 3, 4, 5, 6, 8. Rueangrong also alleges that USCIS violated her due process rights because USCIS gave her conflicting information regarding the status of her citizenship application before ultimately denying her application. *Id.* Count 7.

**Background**

With respect to the claims Brian is authorized to bring on his own behalf, Brian alleges that, in 2021, he requested that his passport be sent via the United States Postal Service (USPS) from the Thai Embassy in Washington, D.C. to his home in Irving, Texas. *See id.* ¶ 27. While he paid for overnight shipping, his passport arrived late. *Id.* Brian alleges that the USPS "falsifie[d] delivery records" and failed to refund his shipping costs. *Id.* 7–9; *see also id.* ¶¶ 27, 40–41. Brian further alleges that various government agencies failed to investigate crimes he brought to their attention—including the falsification of documents related to the late delivery and the USPS's failure to refund his shipping costs. *Id.* 9–12.

Defendants filed their Motion to Dismiss on May 14, 2024, arguing that the Court lacks jurisdiction over all of Plaintiffs' claims because of sovereign immunity. *See generally* Mot. Dismiss (ECF No. 31). Carr filed his Response on May 28 (ECF No. 34), and Defendants filed their Reply on June 11 (ECF No. 41). So, the Motion is ripe for review.

**Legal Standards**

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted). The Court "must presume that a suit lies outside [its] limited

jurisdiction," *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted), and the plaintiff, as the party asserting jurisdiction, must show that jurisdiction does in fact exist, *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

Because Brian is proceeding *pro se*, the Court must liberally construe his pleadings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"). But even under a liberal construction, Brian has failed to meet his burden to show that jurisdiction exists.

## Analysis

Brian fails to identify an applicable waiver of the federal government's sovereign immunity for the claims he brings on his own behalf. Therefore, the District Judge should grant Defendants' Motion and dismiss those claims for lack of subject matter jurisdiction.

Under the doctrine of sovereign immunity, a plaintiff cannot sue the United States without its permission. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."); *see also Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) ("[T]he United States, as sovereign, is immune from suit save as it consents to be sued.") (internal quotation citation omitted); *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 287 (5th Cir. 2012) (The government's consent to be sued "is a prerequisite to federal

jurisdiction."). Absent a waiver of this immunity, or consent to be sued, any suit brought against the United States or any federal agency must be dismissed for lack of subject matter jurisdiction. *See Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994); *see also Wagstaff v. U.S. Dep't of Educ.*, 509 F.3d 661, 664 (5th Cir. 2007) (quoting *Lewis v. Hunt*, 492 F.3d 565, 571 (5th Cir. 2007)) ("The absence of such a waiver is a jurisdictional defect."). The plaintiff bears the burden of showing a waiver of sovereign immunity. *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009) (quoting *St. Tammany Par. v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 315 (5th Cir. 2009)).

As to Brian's claims against the USPS, the Postal Reorganization Act (PRA) establishes the USPS as "an independent establishment of the executive branch" that "enjoys federal sovereign immunity absent a waiver." *Hale v. U.S.*, 2023 WL 1795359, at *1 (5th Cir. Feb. 7, 2023) (internal quotation marks omitted) (quoting *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 483–84 (2006)). This sovereign immunity can generally be waived for "tort claims arising out of activities of the Postal Service," *id.* (internal quotation marks omitted) (quoting 39 U.S.C. § 409(c)), but there is an exception if a claim "aris[es] out of the loss, miscarriage or negligent transmission of letters or postal matter." *Id.* (internal quotation marks omitted) (quoting 28 U.S.C. § 2680(b)). However, the Supreme Court has "made clear that in creating this exception, it was 'likely that Congress intended to retain immunity . . . for injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address.'"

6

*Id.* at *2 (quoting *Dolan*, 546 U.S. at 489). Here, Brian's claims against the USPS arise out of the allegedly late delivery of a package. *See* Am. Compl. 7–9. Thus, sovereign immunity applies and bars Brian's claims against the USPS. That Brian allegedly seeks "a credit for future services" rather than money damages does not change this result.

With respect to Brian's causes of action regarding various agencies' alleged failure to investigate crime, Brian does not respond to Defendants' arguments regarding sovereign immunity and instead merely—and improperly—refers to briefing he filed in response to Defendants' earlier motion to dismiss. *See* Resp. 3 (ECF No. 34) ("The restrictions on Sovereign Immunity are discussed at length in my Response of 18 Mar 2024 (ECF 18) pages 1 to 4 and won't be repeated here"); *Black Cat Expl. & Prod., LLC v. MWW Cap. Ltd.*, 2015 WL 12731751, at *2–3 (N.D. Tex. Apr. 29, 2015) (finding improper plaintiff's attempt to incorporate by reference its preliminary injunction reply brief into its motion for remand reply brief); *see also Hudson Specialty Ins. Co. v. Talex Enterprises, LLC*, 2020 WL 1318802, at *2 (S.D. Miss. Mar. 20, 2020) (noting that the commentary to Federal Rule of Civil Procedure 10 explains that "Rule 10 only permits the incorporation of contents from pleadings [and] does not authorize parties to incorporate by reference the contents or earlier motions or other papers"). Thus, the District Judge should dismiss Brian's claims. *See Bearden v. United States Dep't of Agric., Rural Hous. Serv.*, 2023 WL 6462861, at *2–3 (N.D. Tex. Oct. 2, 2023) (granting

7

defendant's motion to dismiss when plaintiff "fail[ed] to identify any waiver of immunity by the government").

## Recommendation

The District Judge should dismiss without prejudice all claims Brian Carr attempts to bring on behalf Rueangrong Carr and Buakhao Von Kramer. The District Judge should dismiss the remaining claims Brian Carr brings on his own behalf because he fails to identify an applicable waiver of the federal government's sovereign immunity.

**SO RECOMMENDED.**

February 27, 2025.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district judge, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).